March 25, 1902. The opinion of the Court was delivered by
The practical question raised by this appeal is whether the Court of Common Pleas in the exercise of its chancery powers can entertain jurisdiction of a separate and independent action seeking to enjoin proceedings under the act entitled "An act to authorize the construction, maintenance and operation of telegraph and telephone lines in the State of South Carolina, and to provide for the assessment of just compensation for such rights." 23 Stat., 61. Sec. 15, art. V., of the Constitution, provides that "The Courts of Common Pleas shall have original jurisdiction, subject to appeal to the Supreme Court, to issue writs or orders of injunction, mandamus, habeas corpus and such other writs as may be necessary to carry their powers into full effect. They shall have jurisdiction in all civil cases." * * * It will thus be seen that the Court of Common Pleas is a Court of general jurisdiction, and can administer relief in the separate and independent action, unless the said act affords a plain and adequate remedy for obtaining the relief which is sought in the independent action.Ry. Co. v. Ridlehuber, 38 S.C. 308. It will be necessary to construe the said act in order to determine whether it provides a plain and adequate remedy for the purpose just mentioned. *Page 202 
Sec. 1 of said act authorizes telegraph and telephone companies to construct their lines along the right of way of a railroad company, provided they do not endanger the safety of travel, c. Sec. 2 provides that the general condemnation proceedings under the Revised Statutes shall apply in cases for the acquisition of rights of way over the land of others than on the rights of way of railroads. Sections 3 and 8 provide a prescribed petition for obtaining rights of way for poles and wires over rights of way of railroad companies, and the requisite allegations to be made in reference to placing poles and wires.
Sec. 4 is as follows: "It shall be the duty of the clerk of said Court, upon the filing of said petition, to issue summons directed to said railroad or railway company, which with a copy of said petition, shall be served upon the same, by serving it upon any agent in said county as other civil process is by law authorized to be served upon railway or railroad companies in this State; and that the clerk shall docket said cause, which shall be tried at the next ensuing term of said Court, as other civil processes are tried; except that the Court shall first hear proof of the allegations of said petition as to its incorporation, and its failure to agree with said defendants; which, if satisfactory to the Court, an order to that effect shall be entered, when the issue of fact involved therein, together with the question as to the amount of damages to be paid the defendant by the petitioner, shall be immediately submitted to a jury, which shall be sworn as follows: `You and each of you do solemnly swear (or affirm) that you will assess just compensation to which the defendant is entitled from the petitioner for the construction, maintenance and operation of its lines upon the right of way of the defendant in the manner set out in the petition on file in this cause."
Sec. 5 is as follows: "Testimony as to the issues of fact involved, and irrespective of any benefit which the railroad company may derive from the proposed telegraph and telephone lines (or any damage which) the railroad or railway *Page 203 
company will suffer by reason of the construction, maintenance and operation of the telegraph and telephone lines upon its right of way in the manner set out in the petition, will be admissible; and after argument of counsel for the petitioners and the defendant, if the respective parties are so represented, and the Judge's charge, the jury shall return into Court their verdict in writing in the form following: `We, the jury, find for the defendant, and assess the damages to which it is entitled from the company for the right to construct, maintain and operate its line upon the right of way of the defendant in the manner set out in the petition through the counties of dollars.' The Court shall give to the jury the written form of the verdict, leaving blank only the amount of the damages, which verdict, with the judgments of the Court thereon, shall be entered as other judgments of said Court. The judgment of the Court shall authorize the petitioner, upon payment of the amount of the verdict to said defendant or to the clerk of said Court subject to the order of said defendant, to construct, maintain and operate its line in the manner set out in its petition, and not otherwise."
Sec. 6 provides for a new trial in case the jury fails to agree.
Sec. 7 is as follows: "Either party feeling itself aggrieved at the verdict of the jury, may appeal said cause to the Supreme Court of the State, which shall be docketed, heard and determined as other civil causes appealed to said Court. But the telegraph or telephone company may proceed to construct its line, notwithstanding an appeal may be taken, upon the payment into Court of the amount of the verdict of the jury as hereinbefore authorized."
Sections 9 and 10 do not affect the question under consideration.
It will be observed that the proceedings under the statute are intended to be summary, and cannot be regarded as an action within the meaning of the Code, which is defined as "an ordinary proceeding in a Court of justice, by which a *Page 204 
party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." They are special proceedings. Instead of requiring the filing of a complaint, the statute requires the filing of a petition. It is made the duty of the clerk of the Court, upon the filing of the petition, to issue a summons directed to the railroad company with a copy of said petition, but there is no provision for the filing of an answer or other pleading on the part of the railroad company. Indeed, the act seems to have been prepared with scrupulous care to prevent the trial of any issues except those involved in the petition, "together with the question as to the amount of damages to be paid the defendant by the petitioner." It is true, that the act provides that "the clerk shall docket said cause, which shall be tried at the next ensuing term of said Court as other civil cases are tried;" but this simply refers to the trial of the issues just mentioned. It would be a strained construction to hold that those words conferred the right to try any other issues. All the provisions of the act manifest its intention that the proceedings thereunder should not undergo the delay incident to an ordinary action. The act certainly does not in express terms make provision for the trial of all rights that may be involved, nor do we think it does so even by implication. These cases are, therefore, governed by the principle announced in Ry. Co. v. Ridlehuber, 38 S.C. 308 that the Court will exercise its chancery jurisdiction by reason of the inadequacy of the remedy provided by the statute.
It is the judgment of this Court, that the judgment of the Circuit Court be reversed and the cause remanded to that Court for further proceedings. *Page 205